UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-640-FDW-DSC

| MARIANO BARAYA OSPINA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| FRANCISCO JAVIER OSPINA BARAYA, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court for initial review of the *pro se* Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2). Also pending is a Motion for Temporary Restraining Order. (Doc. No. 3).

## I. BACKGROUND

*Pro se* Plaintiff Mariano Baraya Ospina ("Plaintiff"), who resides in Charlotte, North Carolina, filed this lawsuit with regards to assets he believes he should have received from his deceased father's estate. (Doc. No. 1). The Defendants are: Fundacion Zulaibar, a Panamanian corporation; Citibank, a banking institution with its principal place of business in New York; Francisco Javier Ospino Baraya ("Francisco"), a Colombian national who resides in Madrid, Spain, and president of Fundacion Zulaibar; Helena Baraya de Ospina ("Helena"), a Colombian national who resides in Bogota, Colombia, and the founder and chairperson of Fundacion Zulaibar; and Rafael Ignacio Ospino Baraya ("Rafael"), a U.S. citizen who resides in Vero Beach, Florida, and the secretary of Fundacion Zulaibar.

1

In the Complaint,[1] the Plaintiff appears to allege that he expected to inherit a large amount of assets from his father, Mariano Ospina Hernandez ("Mariano"), along with his five siblings who are legitimate heirs under Colombian law.[2] He alleges that, in 2014, Francisco and Helena fraudulently induced Mariano to sell assets that the Plaintiff and other heirs expected to inherit,[3] then established Fundacion Zulaibar to hide those assets from Plaintiff and other legitimate heirs in a foreign bank, *i.e.*, Citibank. Mariano died on March 12, 2018.

On October 16, 2018, the Plaintiff and Mariano's other legitimate heirs entered into a binding agreement with Francisco, the estate's trustee, regarding the distribution of Mariano's estate under which the Plaintiff was to receive 20.834% of the estate's assets.

The Plaintiff discovered the existence of Fundacion Zulaibar on November 9, 2021, which was created to hide the transfer of assets and "***rob*** Plaintiff from his inheritance." (Doc. No. 1 at 7). The Plaintiff alleges that the funds at Citibank will be transferred and hidden unless he is granted a preliminary injunction and temporary restraining order freezing the Citibank accounts of Fundacion Zulaibar, Francisco, and Helena.

The Plaintiff alleges that he has been deprived of at least $1 million in assets that he should have inherited from Mariano's estate, and that he has suffered poor conditions and distress because of Francisco and Helena's actions. He appears to seek a total of $3 million in compensatory and punitive damages, injunctive relief, costs, and any other relief that the Court deems just and fair.

In his Motion for Temporary Restraining Order, (Doc. No. 3), the Plaintiff asks the Court

---

[1] While the Complaint will be liberally construed, it contains a great deal of apparently extraneous information that will be disregarded for purposes of this discussion.

[2] According to the Plaintiff, Mariano's legitimate heirs include himself, Francisco, and Rafael.

[3] The Plaintiff alleges that Mariano, who was 87 years old at that time, was required by Colombian law to undergo physical and mental testing before conducting such a transaction but that such did not occur.

2

to "freeze all the accounts of Defendants FUNDACION ZULAIBAR, FRANCISCO JAVIER OSPINA BARAYA, RAFAEL IGNACIO OSPINA BARAYA and HELENA BARAYA DE OSPINA with defendant **CITIBANK**." (Doc. No. 3 at 1).

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed *in forma pauperis* need only show indigence or poverty sufficient to demonstrate her inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an *in forma pauperis* application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's Application shows average monthly income for the past 12 months of $707 from his self-employment. (Doc. No. 2 at 1-2). The Plaintiff claims to have no assets. (Id. at 3). He claims that he is owed a total of $1,010,000 in outstanding debts. (Id.). The Plaintiff claims that his monthly expenses total $707, including $300 for housing, $140 for utilities, and $120 for food. (Id. at 4-5). The Plaintiff does not expect any major changes to his monthly income, expenses, assets, or liabilities during the next 12 months. (Id. at 5). The Plaintiff does not expect to have expenses or attorney fees in conjunction with this lawsuit. (Id.). He further explains his inability to pay the costs of these proceedings, stating "I don't have any money." (Id.).

The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee at

3

this time.  The Court will, therefore, grant the Application and allow Plaintiff to procee*d in forma pauperis.*

### III.     STANDARD OF REVIEW

Where a plaintiff is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### IV.     DISCUSSION

Although the Plaintiff does not assert a basis for the Court's jurisdiction, the Court will liberally construe the Complaint as asserting diversity jurisdiction, because there appears to be diversity among the parties and the Plaintiff is seeking more than $75,000. See 28 U.S.C. § 1332.

The Plaintiff has failed to articulate any particular cause of action.[4] Construing the

---

[4] The Plaintiff alleges that Mariano's transfer of assets in 2014 did not comport with Colombian law, however, he does not appear to argue that foreign law applies to this action, nor does he identify any cause of action under foreign law. See Fed. R. Civ. P. 44.1 ("A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing…."); Baker v. Booz Allen Hamilton, Inc., 358 F. App'x 476, 481 (4th Cir. 2009) (where a party claiming that foreign law applies has the burden of raising the issue that foreign law may apply and the burden of proving foreign law, to enable to the district court to apply it in a particular case; where a party fails to satisfy either burden, the district court should apply the forum state's law). The Court has no obligation to inquire into the matter *sua sponte.* See Mzamane v. Winfrey, 693 F.Supp.2d 442 (E.D. Pa. 2010) ("While [Fed. R. Civ. P. 44.1] empowers a district court with the authority to determine applicable foreign law, it imposes no obligation on the court to inquire

4

Complaint liberally, he appears to assert that Francisco and Helena interfered with his right to inherit from Mariano. However, no such cause of action exists under North Carolina law because, at the time of the transfers, the property in question did not belong to the Plaintiff.[5] See Holt v. Holt, 232 N.C. 497, 500-01, 61 S.E.2d 448, 451 (1950) ("a child has no standing at law or in equity either before or after the death of his parent to attack a conveyance by the parent as being without consideration, or in deprivation of his right of inheritance"). A claim for conversion would fail for the same reason. See The N.C. State Bar v. Gilbert, 189 N.C. App. 320, 324, 663, S.E.2d 1, 4, (2008) (the elements of conversion are: (1) an unauthorized assumption and exercise of right of ownership over property belonging to another; and (2) a wrongful deprivation of it by the owner, regardless of the subsequent application of the converted property); Sutherland v. Domer, 2018 WL4398259, at *7-8 (M.D.N.C. Sept. 14, 2018) (denying plaintiff's conversion claim under North Carolina law because the plaintiff, as a future beneficiary in inheritance proceeds, failed to establish his ownership).

Liberally construing the Plaintiff's reference to the October 16, 2018 disbursement agreement as a claim for breach of contract, this too fails to state a claim. The elements of a breach of contract under North Carolina law are: (1) the existence of a valid contract and (2) breach of the terms of that contract. McLamb v. T.P. Inc., 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005). Assuming *arguendo* that the October 16 agreement regarding the distribution of Mariano's

---

into foreign law *sua sponte*."); see also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or advocates for *pro se* litigants).

[5] Although the Plaintiff alleges that Mariano was required to be examined before conducting such a transaction under Colombian law, he does not appear to allege that Mariano was incompetent at the time of the 2014 transaction. Nor does the Plaintiff appear to allege that the Defendants interfered with the making of a will, or that the will has been invalidated.

estate was a valid contract, the Plaintiff has failed to allege that any Defendant breached that contract. He has alleged, at most, that his portion of the estate did not include assets that he had expected to be present. Accordingly, to the extent that the Plaintiff has attempted to assert a claim for breach of contract, it will be dismissed at this time.[6]

The Plaintiff has failed to plausibly state a claim against any Defendant. Therefore, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted and Plaintiff will be granted the opportunity to amend.

The Plaintiff also asks the Court to freeze the Defendants' assets in his Motion for Temporary Restraining Order. The Motion will be denied as moot, as the Complaint has failed to pass initial review.[7]

## V. CONCLUSION

Plaintiff's Application to proceed *in forma pauperis* is granted. The Complaint has failed to pass initial review and is dismissed without prejudice, and the Motion for Temporary Restraining Order is denied as moot. Within 14 days of this Order, Plaintiff will be required to file an Amended Complaint to correct the deficiencies identified in this Order, subject to all timeliness and procedural requirements. Failure to timely comply with this Order will probably result in the dismissal of this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Application to Proceed in District Court without Prepaying Fees or Costs,

---

[6] It also appears that this claim may fall outside the applicable statute of limitations. See N.C. Gen. Stat. § 1-52 (three year statute of limitations for an action upon a contract).

[7] Alternatively, the Motion for Temporary Restraining Order would be denied because the Plaintiff has failed to state any plausible claim for relief whatsoever; accordingly he is likewise unable to demonstrate that he is likely to succeed on the merits. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The claim for preliminary injunctive relief that is included in the Complaint fails for the same reasons.

(Doc. No. 2), is **GRANTED**.

2. The Compliant (Doc. No. 1) is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

3. Plaintiff's Motion for Temporary Restraining Order, (Doc. No. 3), is **DENIED** as moot.

4. Plaintiff shall, within **fourteen (14) days** of this Order, file an Amended Complaint in accordance with this Order.[8] If Plaintiff fails to timely comply with this Order, this case will be dismissed and closed without further notice.

Signed: December 3, 2021

Frank D. Whitney
United States District Judge

---

[8] Blank complaint forms are available on the Court's website. See https://www.ncwd.uscourts.gov/local-forms/prose-forms.