UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00640-FDW-DSC

| | |
|---|---|
| MARIANO BARAYA OSPINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FRANCISCO JAVIER OSPINA BARAYA ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. No. 6), filed concurrently with his Amended Complaint (Doc. No. 5) on December 15, 2021. While Plaintiff's Motion seeks only a temporary restraining order, Plaintiff, who is proceeding *pro se*, also seeks a preliminary injunction in his Amended Complaint (Doc. No. 5, p. 13). The Court, therefore, construes Plaintiff's Motion for Temporary Restraining Order as moving for both a temporary restraining order and a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. After careful consideration, for the reasons set forth below, Plaintiff's Motion is DENIED without prejudice.

Both temporary restraining orders and preliminary injunctions are extraordinary remedies involving the exercise of a very far-reaching power to be granted only in the limited circumstances which clearly demand it. See Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991)). Such remedies should never be awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In evaluating a request for a temporary restraining order, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam &

1

Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)).  Accordingly, in order to obtain a temporary restraining order or preliminary injunction, "a plaintiff must demonstrate that '(1) it is likely to succeed on the merits; (2) it will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public interest.'" League of Women Voters of N.C. v. N.C., 769 F.3d 224, 236 (4th Cir. 2014) (citing Winter, 555 U.S. 7 at 20). Each of these four requirements must be satisfied, and a plaintiff must make a "clear" showing both that he is likely to suffer irreparable harm absent relief *and* he is likely succeed on the merits at trial.  Winter, 555 U.S. at 22.

In order to show a likelihood of success on the merits, a Plaintiff "must demonstrate more than a grave or serious question for litigation but need not show a certainty of success." Schumacher Homes of N.C., Inc. v. Buchanan, No. 1:21-cv-260-MOC-WCM, 2021 WL 5566771 (W.D.N.C. Nov. 29, 2021) (citations and internal quotations omitted).  To demonstrate a clear likelihood of suffering irreparable harm absent an injunction, a plaintiff "must demonstrate more than just a 'possibility' of the harm.  Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017).  Moreover, "[m]ere injuries, however substantial… are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Sampson v. Murray, 415 U.S. 61, 90 (1974).

Here, Plaintiff has failed to assert, much less sufficiently show, that he is entitled to the extraordinary relief he seeks based on *any* of the four Winter factors.[1]  Plaintiff's Amended Complaint and Motion for Temporary Restraining Order lack any assertion that he is likely to succeed on the

---

[1] It is well established that pleadings of *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers.  See Walker v. Walkie, 2019 WL 3338246, at *4 (W.D.N.C. Jul. 25, 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Courts, however, cannot act as the *pro se* litigant's advocate.  Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978)).

2

merits of his claims.  See (Doc. No. 5); (Doc. No. 6).  His pleadings further fail to assert the balance of hardships weighs in his favor or that an injunction is in the public interest.  Id.  Moreover, to the extent Plaintiff mentions any harm he may suffer absent an injunction, he merely alleges that "Plaintiff[]'s money will be transferred abroad to secret bank accounts by the defendants, beyond the jurisdiction of this [] Court," (Doc. No. 5, p. 13).  Therefore, the Court also finds the possibility of harm Plaintiff now alleges, which may later be remedied by compensatory or other corrective relief in the ordinary course of litigation, insufficient to grant Plaintiff the injunctive relief he seeks.

IT IS THEREFORE ORDERED that

(1) Plaintiff's Motion for Temporary Restraining Order (Doc. No. 6) is construed as a "Motion for Temporary Restraining Order and Preliminary Injunction"; and

(2) "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction" is DENIED WITHOUT PREJUDICE.

**The Court notes its denial of Plaintiff's Motion is without prejudice to Plaintiff refiling its motion in accordance with the standard set forth in Winter, 555 U.S. 7**.  Upon Plaintiff's *prima facie* showing of his entitlement to the injunctive relief he seeks, this Court will reconsider scheduling a hearing on the motion.[2]

IT IS SO ORDERED.

Signed: December 17, 2021

Frank D. Whitney
United States District Judge

---

[2] See Taliaferro v. U.S., 290 F. 906 (4th Cir. 1923) ("The court, when it issues its preliminary injunction, judicially finds that there is sufficient prima facie evidence of [plaintiff's claims] and of the irreparable damage to the plaintiff…"); see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty., 415 U.S. 423, 433 n.7 (1974) (The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.").