UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00640-FDW-DSC

| | |
|---|---|
| MARIANO BARAYA OSPINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FRANCISCO JAVIER OSPINA BARAYA ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Plaintiff's third Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 8) ("**Motion**"), filed on December 22, 2021. For the reasons set forth below, Plaintiff's Motion is again DENIED without prejudice.

In order for a court to grant relief, the court must have "jurisdiction over both the subject matter and the parties." [1,2] Burford v. Gilley, 5:14-cv-160, 2015 WL 1534078, at *2 (N.D.W. Va. April 6, 2015) (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982)). Thus, a court cannot issue a temporary restraining order absent personal jurisdiction over all parties. dmarcian, Inc. v. dmarcian Europe BV, 1:21-cv-000067-MR, 2021 WL 1225876, at *1 (W.D.N.C. Mar. 31, 2021) (citations omitted). For a court to have personal jurisdiction, a plaintiff must show that exercising jurisdiction will (1) comply with the forum state's long-arm statute and (2) comport with the due process requirements of the Fourteenth Amendment. Id. at *2 (citing Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003)). When, as

---

[1] Plaintiff asserts that subject matter jurisdiction exists based on diversity in his Amended Complaint (Doc. No. 5, p. 3); see also (Doc. No. 4, p. 4) ("the Court will liberally construe the Complaint as asserting diversity jurisdiction, because there appears to be diversity among the parties and the Plaintiff is seeking more than $75,000."). Therefore, the Court's jurisdictional analysis focuses on the issue of personal jurisdiction.

[2] The Court notes, "a court may *sua sponte* raise issues of personal jurisdiction." Burford, 2015 WL 1534078, at *2.

1

here, a district court considers a question of personal jurisdiction based on the allegations of a complaint and motions papers, the plaintiff has the burden of making a *prima facie* showing in support of its assertion of jurisdiction. Id. at *1 (citing Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014); Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016)). The Plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. Id.

The determination of personal jurisdiction is based upon a two-part inquiry. The first, or statutory, part requires the assertion of personal jurisdiction under North Carolina's long-arm statute. The second, or constitutional, part requires the exercise of personal jurisdiction comply with due process. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry of whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of long-arm jurisdiction over a defendant: general and specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). General jurisdiction requires that the defendant's continuous and systematic contacts with the forum state be so substantial and of such a nature as to render the defendant essentially at home in the forum state. See Daimler AG v. Bauman, 571 U.S. 117 (2014). Specific jurisdiction, on the other hand, can be established if the defendant's relevant conduct has "such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009) (citing Helicopteros Nacionales de

2

Colombia, S.A., 466 U.S. at 414-15).  Specific jurisdiction can also be established when the cause of action "arises out of the defendant's contacts with the forum." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005) (citation omitted).  The court considers several factors in deciding whether specific jurisdiction exists, including: "(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable".  Cambridge Homes of N. Carolina, LP v. Hyundai Const., Inc., 670 S.E.2d 290, 295 (N.C. App. 2008) (quoting Woods Intern., Inc. v. McRoy, 436 F. Supp. 2d 744, 748–49 (M.D.N.C. 2006)).

Here, Plaintiff has failed to meet his burden of establishing this Court has either general or specific personal jurisdiction over any of the Defendants.  In fact, Plaintiff fails to even assert, in his Motion or his Amended Complaint, this Court's exercise of personal jurisdiction over any of the Defendants would be proper.  Accordingly, the Court must DENY Plaintiff's Motion.

Even if the Court were to assume Plaintiff made a *prima facie* showing of personal jurisdiction, Plaintiff's Motion would still fail, as Plaintiff has not shown he is entitled to the extraordinary relief he seeks based on the four Winter factors.[3]  In order to obtain a temporary restraining order or preliminary injunction, "a plaintiff must demonstrate that '(1) it is likely to succeed on the merits; (2) it will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public interest.'" League of Women Voters of N.C. v. N.C., 769 F.3d 224, 236 (4th Cir. 2014) (citing Winter, 555 U.S. 7 at 20).  To show a likelihood of success on the merits, a Plaintiff "must demonstrate more than a grave or serious

---

[3] It is well established that pleadings of *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers.  See Walker v. Walkie, 2019 WL 3338246, at *4 (W.D.N.C. Jul. 25, 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Courts, however, cannot act as the *pro se* litigant's advocate.  Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978)).

3

question for litigation but need not show a certainty of success." Schumacher Homes of N.C., Inc. v. Buchanan, No. 1:21-cv-260-MOC-WCM, 2021 WL 5566771 (W.D.N.C. Nov. 29, 2021) (citations and internal quotations omitted). To demonstrate a clear likelihood of suffering irreparable harm absent an injunction, a plaintiff "must demonstrate more than just a 'possibility' of the harm. Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017). Moreover, "[m]ere injuries, however substantial… are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).

Here, Plaintiff has again failed to show he will likely suffer irreparable harm absent an injunction that cannot be adequately remedied in the ordinary course of litigation. In his Amended Complaint, Plaintiff asserts, without any supporting evidence, that Defendant Citibank "is one of the banking institutions where defendants [sic] … are hiding money belonging to the Estate and to Plaintiff," and "Citibank is also being used by defendants [sic] … to control, invest, manage, distribute and profit from substantial amount of money belonging to the legitimate owners [sic] the Estate and to Plaintiff." (Doc. No. 5, p. 3). Plaintiff later contends, however, half of the money at issue "has been kept in European bank accounts (probably Switzerland)," and "most of the money has already been spent by defendants." (Doc. No. 8, p. 6). Accordingly, there is no evidence that the money Plaintiff contends is his is in an account with Citibank or even exists at all anymore.

Moreover, Plaintiff has not sufficiently shown he is likely to succeed on the merits of his claims. Plaintiff's pleadings are filled with superfluous and extraneous information, including numerous references to crimes and criminal behavior. As a result, it is unclear what Plaintiff's claims are and why he is likely to succeed on the merits of such claims. Nevertheless, to the extent that Plaintiff again attempts to assert claims for (1) interference with his right to inherit from his father; or

4

(2) conversion, he certainly is not likely to succeed on the merits of those claims. As set forth in this Court's December 3, 2021, Order, such causes of action do not exist under North Carolina law where, as here, at the time of the transfers, the property in question did not belong to Plaintiff. (Doc. No. 4, pp. 4-5).

Finally, based on the record before the Court at this early stage, the Court is not convinced the balance of hardship weighs in favor of Plaintiff or that the injunction is in the public interest.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 8) is DENIED without prejudice.

The Court notes its denial of Plaintiff's Motion is again without prejudice to Plaintiff refiling his motion in accordance with the requirements set forth above. Upon Plaintiff's *prima facie* showing of his entitlement to the injunctive relief he seeks, including establishing personal jurisdiction by a preponderance of the evidence, this Court will reconsider scheduling a hearing on the motion.[4]

IT IS SO ORDERED.

Signed: December 22, 2021

Frank D. Whitney
United States District Judge

---

[4] See Taliaferro v. U.S., 290 F. 906 (4th Cir. 1923) ("The court, when it issues its preliminary injunction, judicially finds that there is sufficient prima facie evidence of [plaintiff's claims] and of the irreparable damage to the plaintiff…"); see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty., 415 U.S. 423, 433 n.7 (1974) (The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.").