UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00640-FDW-DSC

| | |
|---|---|
| MARIANO OSPINA BARAYA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ORDER |
| FRANCISCO JAVIER OSPINA BARAYA *et al.*, | ) ) ) |
| Defendants. | ) ) |

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Default Judgment as to Defendants Francisco Javier Ospina Baraya and Helena Baraya de Ospina (collectively, the "**Default Defendants**"), (Doc. No. 23). After careful review, the Court finds the Clerk's Entry of Default against the Default Defendants, (Doc. No. 22), was submitted in error. Accordingly, and for the reasons stated below, the Clerk's Entry of Default against Defendants Francisco Javier Ospina Baraya and Helena Baraya de Ospina is SET ASIDE and Plaintiff's Motion for Default Judgment is DENIED.

On May 6, 2022, Plaintiff filed an Affidavit of Service, (Doc. No. 20), wherein Plaintiff asserts he served the Default Defendants via Federal Express International Priority mail with a copy of his Amended Complaint and Summons at "their business office located at Carrera Avenida 24 Numeron 39-32, in Bogota D.E., Columbia." (Id. at 2). Plaintiff mailed the documents himself, using his address of record as the return address. (Id. at 3). The Default Defendants have not answered, appeared, or otherwise responded. On May 27, 2022, Plaintiff moved for Entry of

1

Default, (Doc. No. 21), and on May 31, 2022, the Clerk entered Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, (Doc. No. 22).

The Federal Rules of Civil Procedure provide, in relevant part, "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service himself by sending a copy of the summons and complaint through certified mail. See Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); see also Wilson v. Suntrust Bank, Inc., No. 3:10-CV-573-FDW-DCK, 2011 WL 1706763, at *1 (W.D.N.C. May 4, 2011); Norton v. Columbus Cnty. Bd. of Elections, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020), aff'd, 834 F. App'x 54 (4th Cir. 2021) (quoting Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010)) ("Therefore, '[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.'").

Because Plaintiff failed to serve the Default Defendants in a manner consistent with the requirements of Rule 4, Default should not have been entered against the Default Defendants. See Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process."); Hinson-Gribble v. U.S. Off. of Pers. Mgmt., No. 5:16-CV-00070-FL, 2018 WL 4016302, at *3 (E.D.N.C. Aug. 22, 2018), aff'd, 764 F. App'x 385 (4th Cir. 2019) ("[W]here service of process has not been effected properly against any named defendant, the court must deny plaintiff's motions for entry of default."). Therefore, pursuant to the Court's discretion under Rule 55(c) of the Federal Rules of Civil Procedure, the Court hereby SETS ASIDE the Entry of Default, (Doc. No. 22). See Armco, Inc. v. Penrod-Stauffer Bldg. Sys.,

Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("Since there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void.").

The Court reminds *pro se* Plaintiff that he is responsible for having the summons and Amended Complaint served in accordance with Rule 4. As noted above, the Rules permit service by any person who is at least 18 years old and not a party. Fed. R. Civ. P. 4(c)(2). Furthermore, the Court notes that service upon individuals in a foreign country must be executed in the manner prescribed by Rule 4(f):

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Based on the foregoing, the Court must also DENY Plaintiff's Motion for Default Judgment as to the Default Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment as to Defendants Francisco Javier Ospina Baraya and Helena Baraya de Ospina, (Doc. No. 23), is

3

DENIED. IT IS FURTHER ORDERED that the Clerk's Entry of Default against Defendants Francisco Javier Ospina Baraya and Helena Baraya de Ospina, (Doc. No. 22), is SET ASIDE.

    IT IS SO ORDERED.

Signed: August 3, 2022

Frank D. Whitney
United States District Judge

4