UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00640-FDW-DSC

| | |
|---|---|
| MARIANO OSPINA BARAYA, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FRANCISCO JAVIER OSPINA BARAYA *et al.*, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on *pro se* Plaintiff Mariano Ospina Baraya's ("**Plaintiff**") Motion for Entry of Default Against Defendant Francisco Javier Ospina Baraya ("**Defendant**"). (Doc. No. 33). After careful review, and for the reasons set forth below, Plaintiff's Motion for Entry of Default is DENIED.

On September 7, 2022, Plaintiff filed an Affidavit of Service, (Doc. No. 32), wherein Plaintiff alleges Defendant was served with a true and correct copy of the Second Amended Complaint (Doc. No. 29) and Summons (Doc. No. 27) at his home address in Madrid, Spain. (Doc. No. 32, p. 1). This Affidavit offers evidence attempting to prove that Defendant was served via Federal Express International Economy mail, that Urbanizadora de la Sabana, a process serving entity from Bogota, Columbia, mailed these documents on August 23, 2022, and that these documents were delivered to Defendant on September 5, 2022, "at his home address at Camino de Hoyarrasa 24, Alcobendas 28, Soto de la Moraleja, Madrid 28109, Spain." Id. As proof of service, Plaintiff attached mailing labels, an Online Tracking Email of delivery confirmation, detailed tracking information, and a tracking number with proof of delivery. (Doc. No. 32-1, p. 3–5).

1

On September 27, 2022, Plaintiff moved for Entry of Default against Defendant. (Doc. No. 33). The Clerk of Court's Office amended Defendant's deadline, and terminated Plaintiff's motion for being prematurely filed, in error. The correct deadline by which Defendant was to serve an answer, or otherwise respond, to Plaintiff's Second Amended Complaint should have been September 26, 2022. FED. R. CIV. P. 12(a)(1)(A)(i). However, Defendant has not yet answered, appeared, or otherwise responded to Plaintiff's Second Amended Complaint. Thus, this Court must determine whether entry of default against Defendant is proper.

Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Thus, the party seeking entry of default must produce sufficient evidence to demonstrate not only that the adverse party has failed to respond, but also that they were properly served. Here, Defendant has failed to respond or appear in any way. The issue before the Court, then, is whether Plaintiff has properly served Defendant pursuant to the Federal Rules of Civil Procedure. This turns first on whether the method of service was proper, and then on whether the proof of service is sufficient.

Rule 4 provides that when the receiving nation is a signatory to the Hague Convention, which both the United States and Spain are, service must comply with the Convention's requirements. See FED. R. CIV. P. 4(f)(1); see also Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988). While the Hague Convention specifically authorizes a Central Authority in each signatory nation as the primary method of service of process to ensure compliance with the Convention's requirements, it also allows for alternative methods of service where the receiving signatory nation does not object, as long as the alternative method complies

with that nation's service requirements. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 10(a). Here, Plaintiff effectuated service against Defendant through a private process serving entity from Bogota, Columbia, rather than through Spain's authorized Central Authority. (Doc. No. 32, p. 1). However, because Spain has not objected, it appears that such service via FedEx International Economy is a permitted alternative method of serving foreign individuals located in Spain. See Water Splash, Inc. v. Menon, 137 S.Ct. 1504, 1513 (2017). Thus, because the method of service was proper, the Court next addresses whether Plaintiff has provided sufficient proof of service.

Rule 4 establishes that in the absence of waiver of service, "proof of service must be made to the court," and such "proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). Further, when service is made outside of the United States, such service must be proved in one of two ways: (A) "if made [pursuant to the Hague Service Convention] under Rule (f)(1), as provided by the applicable treaty or convention;" or, (B) "if made under Rule (f)(2) or (f)(3) [under an alternative service method], by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Id. at 4(l)(2).

Here, Plaintiff has failed to satisfy Rule 4(l)'s requirements for proof of service for two reasons. First, although Plaintiff did file an Affidavit of Service, (Doc. No. 32), that Affidavit merely contains Plaintiff's statements that Defendant was served, rather than the process server's affidavit confirming service. FED. R. CIV. P. 4(l)(1). Second, Plaintiff also failed to satisfy Rule 4(l)(2). Defendant was served by Federal Express International Economy mail, an alternative method of service that Spain allows under the Hague Service Convention. Id. at 4(l)(2)(A)–(B).

3

Plaintiff has attached exhibits that show detailed tracking information for the service documents, beginning with Urbanizadora de la Sabana in Bogota, Columbia, and ending at Defendant's alleged home address in Madrid, Spain. (Doc. No. 32-1, p. 3–5). However, the Court finds this evidence insufficient to demonstrate delivery to Defendant. While these documents do support Plaintiff's assertion that service was effectuated, they lack a receipt signed by Defendant, FedEx "proof of signature" confirmation, or other similar documentation showing that the summons and complaint were in fact delivered to Defendant. See Atlantis Marine Towing Salvage & Servs., Inc. v. Escapade Marine Ventures, 2020 WL 7427023, at *3 (S.D. Fla. Dec. 1, 2020) (FedEx proof of signature can be sufficient for Rule 4(f)(3) service). Accordingly, Plaintiff has not properly served Defendant and is not entitled to entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

    IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default (Doc. No. 32) is DENIED. Plaintiff is hereby notified that he must serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, pursuant to the Hague Convention, and in compliance with Spain's relevant Laws on Civil Procedure, within one hundred and twenty (120) days to avoid the dismissal of his Second Amended Complaint. FED. R. CIV. P. 4(f), 4(m).

    IT IS SO ORDERED.

Signed: November 15, 2022

_____
Frank D. Whitney
United States District Judge